824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BOOKS ON TAPE, INC., Appellant,
v.
The BOOKTAPE CORPORATION, Appellee.
 Appeal No. 86-1414.
 United States Court of Appeals, Federal Circuit.
 June 12, 1987.
 
 P.T.O.
 REVERSED AND REMANDED.
 Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Appellant, Books on Tape, Inc., appeals a decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office dismissing its petition to cancel a registration of The Booktape Corporation on the Supplemental Register for the trademark BOOKTAPES for prerecorded audio tapes for instructional purposes, Registration No. 1,245,671, issued February 12, 1981. We reverse. The case is remanded for proceedings consistent herewith.
 
 OPINION
 
 2
 The first issue in this case is an evidentiary one. The board held that petitioner had not and could not establish rights in BOOKS ON TAPE as a trademark, service mark, or trade name because the name is the generic designation for cassettes on which books are recorded. Considering the record as a whole, this finding is clearly erroneous. There is no evidence that petitioner itself or others in the industry use "books on tape" generically. While there have been some vernacular uses of "books on tape" in newspaper articles, the great majority of these materials concern only petitioner and the new industry petitioner originated. Largely it appears to be that the media has misused or made a play on petitioner's name. Even the usage in the two cartoons is ambiguous. BOOKS ON TAPE is displayed in quotation marks in one, and in the other could simply be a reference to petitioner. It may also be that the artist took literary license with a proprietary name. Either way it does not prove genericness to the relevant public. Cf. In re Omaha Nat'l Corp., No. 86-1567 (Fed.Cir. May 20, 1987). The term, while aptly descriptive at the time of its adoption by petitioner appears no more descriptive than "book tapes," a term the PTO accepted for registration on the Supplemental Register.
 
 
 3
 Secondly, the board's holding that under Otto Roth & Co. v. Universal Foods Corp., 640 F.2d 1317, 209 USPQ 40 (CCPA 1981), "petitioner has no standing to bring a cancellation proceeding under section 2(d)" because it has not established proprietary rights in BOOKS ON TAPE is wrong as a matter of law. See Jewelers Vigilance Comm., Inc. v. Ullenberg Corp., No. 86-1628 (Fed.Cir. June 9, 1987). Petitioner, a competitor of respondent's, clearly has an interest in the outcome beyond that of the public in general and has standing. Thus, as in Jewelers, the board has confused petitioner's standing with the merits of the case.
 
 
 4
 Finally, the ruling on the merits in Otto Roth, in any event, has no applicability here. The Otto Roth opposer sought to prevent the applicant's registration of an arbitrary mark on the Principal Register on the basis of prior use of a descriptive phrase. One who had proprietary rights in a mark was being attacked by a party who had established no rights in a mark on the ground that the applicant's use would be attributable to opposer. In contrast, this case concerns a registration for a descriptive term on the Supplemental Register. The registrant here has as yet no proprietary rights in a mark and further admits petitioner's concurrent use, indeed, petitioner's prior adoption and use of virtually an identical term.
 
 
 5
 The statute does not require the anomalous result that a junior user is entitled to keep its Supplemental Registration for a descriptive term in which it has not established secondary meaning (as evidenced by registration on the Supplemental Register) because a prior user cannot show secondary meaning in that term either. In any event, the evidence of record here amply supports petitioner's claim that it has established a trade identity in "Books on Tape" as its company name.